UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

RICKY LEE ROBINSON,

                        Plaintiff,                **ORDER**
                                                     13-CV-4258 (MKB)
           v.

CAROLYN W. COLVIN,
*Acting Commissioner, Social Security Administration,*

                        Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On January 13, 2014, the parties in the above-captioned action filed with this Court a Stipulation and Order of remand pursuant to the sixth sentence of 42 U.S.C. § 405(g), made applicable to Supplemental Security Income claims by 42 U.S.C. § 1383(c)(3),which provides that for good cause shown the Court may remand the case to the Commissioner for further action prior to the filing of the answer. (Docket Entry No. 10.) On January 21, 2014, the Court approved the Stipulation and remanded Plaintiff's claim to the Commissioner for further administrative proceedings including but not limited to (1) removal of the evidence pertaining to the other social security claimant from Plaintiff's claims file; and (2) remand to an Administrative Law Judge for a new decision. (Docket Entry No. 11.) On January 22, 2014, the Clerk of the Court entered a Judgment in this action "pursuant to the fourth sentence of [42 U.S.C. § ]405(g)," remanding Plaintiff's claim to the Commissioner for further administrative proceedings as described above. (Docket Entry No. 12.)

On January 21, 2015, Plaintiff filed a motion to correct the error pursuant to Rule 60 of the Federal Rules of Civil Procedure.[1] (Docket Entry No. 13.) Defendant did not oppose the motion. (Docket Entry No. 16.)

The parties agree that the remand order in this case was not entered pursuant to the fourth sentence of 42 U.S.C. § 405(g), but rather the sixth sentence of 42 U.S.C. § 405(g), which allows the District Court to retain jurisdiction over the action during the remand. *See Shalala v. Schaefer*, 509 U.S. 292, 298–302 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Because judgment was entered and the case was remanded in error pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Clerk of the Court is directed to correct the error by vacating the January 22, 2014 Judgment pursuant to Rules 60(a) and (b)(1) of the Federal Rules of Civil Procedure, and remanding this matter to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g). Fed. R. Civ. P. 60(a) and (b)(1).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: February 4, 2015
       Brooklyn, New York

---

[1] As part of the same motion, Plaintiff also requests attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Pl. Mem. in Support of Motion, Docket Entry No. 15, at 4–9.) The Court reserves judgment on this motion.